BARBARA G. PERETZ, by FLORENCE PERETZ Her Mother, et al., Appellants, v. ANNA BLEKICKI et al., Respondents.— Plaintiffs appeal from an order of the Supreme Court, Queens County, dated August 29, 1968, which denied their motion to continue the pretrial examination of defendant Grossi and to require him to answer interrogation at the examination about (a) a certain witness to the accident, including identity and manner of discovery, and (b) defendants' failure to file MV104 reports with the Department of Motor Vehicles. Order modified, on the law and the facts, by striking from the decretal paragraph thereof the words "in all respects" and adding thereto, after the word "denied", the following: "except that the motion is granted to the extent of directing that the examination before trial of defendant Grossi be continued so that he may answer interrogation regarding the identity of the witness to the accident if such matter is not privileged under subdivisions (c) or (d) of CPLR 3101." As so modified, order affirmed, without costs. The examination shall proceed at Special Term, Part II, of the Supreme Court, Queens County, upon written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as the parties may agree by written stipulation. In our opinion defendant Grossi should be required to disclose the identity of the witness to the accident if it appears that such matter is not privileged under CPLR 3101 (subds. [c] or [d]) (see *Hartley* v. *Ring,* 58 Misc 2d 618). Since the enactment of CPLR 3101 the courts have continued " to enlarge the permissible use of pretrial procedure" begun under the former statute (*Rios* v. *Donovan,* 21 A D 2d 409, 411; see McKinney's Cons. Laws of N. Y., Book 7B, CPLR, Pocket Part for §§ 3100–3400, p. 116 [1965 Supplementary Practice Commentary on Rule 3120]). The trend toward fuller disclosure has prompted some commentators to suggest that further liberality in the disclosure of the identity of witnesses to an accident should be permitted (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.11). The Court of Appeals in *Allen* v. *Crowell-Collier Pub. Co.* (21 N Y 2d 403, 406) has recently stated: " The words, 'material and necessary', are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." The court therein further observed: " The test is one of usefulness and reason." It is our view that under this more modern guide the identity of witnesses to an accident should be subject to disclosure if not privileged. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.